UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HELEN J. MITCHELL ) | CASE NO. 19-31949(1)(13) |
| d/b/a LOCKIE SHIELD FOUNDATION, INC. ) | |
| ) | |
| Debtor ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the following: (1) Motion for Relief from Stay Regarding Real Estate Located at 930 South Fourth Street, Louisville, Kentucky 40211, filed by creditors Select Portfolio Servicing, Inc. as servicer for U.S. Bank Trust Nat. Assoc., as Trustee for Towd Point Master Funding Trust, CITI Legacy 2018 (referred to herein as "U.S. Bank"); (2) Motion for Stay Relief Regarding 915 Southwestern Parkway, Louisville, Kentucky, filed by creditor K & M Investments, LLC ("K&M"); (3) Objection to Claim of U.S. Bank, Claim No. 6 filed by Debtor Helen J. Mitchell ("Debtor"); and (4) Motion to Dismiss Case for Abuse filed by Creditor U.S. Bank. For the following reasons, the Court will **GRANT** the Motion to Dismiss and the Motion for Stay Relief of U.S. Bank, **REMAND AS MOOT** the Motion for Stay Relief Regarding 915 Southeastern Parkway, Louisville, Kentucky filed by K&M and **OVERRULE** the Objection to Claim of U.S. Bank, Claim No. 6 filed by the Debtor. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## **FACTS**

On March 2, 1999, Debtor obtained a loan in the amount of $81,600.00, which was evidenced by a Promissory Note dated March 2, 1999 ("the Note"). In order to secure payment of the Note and the obligations therein, Debtor also executed a Mortgage dated March 2, 1999 (the "Security Agreement"). The Security Agreement granted a lien on real and/or personal property owned by the Debtor located at 930 South 47th Street, Louisville, Kentucky 40211 ("the Real Property"). The Mortgage was filed of record on March 4, 1999 in Book 5027, Page 345 of the Jefferson County records.

Prior to Debtor's current Chapter 13 case, the Debtor filed a Voluntary Chapter 13 Petition *pro se* on December 6, 2011, Case No. 11-35820, which was dismissed on April 19, 2012 due to Debtor's failure to appear at the scheduled § 341 First Meeting of Creditors.

After Debtor's first case was dismissed, Creditor U.S. Bank filed a state court foreclosure action in Jefferson Circuit Court, Case No. 13-CI-403450, based on Debtor's failure to abide by the terms of the Note and Security Agreement entered into with U.S. Bank on the Real Property. An Order granting U.S. Bank's Motion for Summary Judgment in the foreclosure action was entered on July 12, 2016.

On October 12, 2016, in the foreclosure action, a Judgment and Order of Sale of the Real Property was scheduled for November 18, 2016. The sale was postponed following the filing of Debtor's second Chapter 13 Petition on November 15, 2016, Case No. 16-33462. The second bankruptcy case was dismissed on December 6, 2016 when Debtor failed to file a Plan and Schedules.

The second sale of the Real Property was scheduled for April 7, 2017 but was canceled by U.S. Bank for loss mitigation review.

A third foreclosure sale was continued by Creditor to allow Debtor time to produce additional documentation required for loss mitigation.

The fourth, fifth, sixth, seventh and eighth foreclosure sales were scheduled on different dates from January 5, 2018 through June 21, 2019. All of these were subsequently placed on "hold" by U.S. Bank for various loss mitigation applications filed by the Debtor which U.S. Bank had to review. Another sale was held up by borrower's disputes. Creditor also allowed additional time so that Debtor could obtain additional documentation for loss mitigation reviews and resolution meetings on payment and research disputes with the Debtor.

On June 20, 2019, the foreclosure action was again stayed when Debtor filed her third Chapter 13 Petition, the case currently before the Court. Debtor filed a skeletal Petition, *pro se*. Debtor requested and received an extension of time to July 30, 2019, to file the remaining schedules and Chapter 13 Plan.

On July 26, 2019, Debtor filed a Second Motion for Extension of Time to File Schedules and Plan. The Court granted the Motion and the deadline was extended to August 12, 2019. Debtor failed to meet this deadline and the case was dismissed for failure to timely file Schedules and a Plan on August 15, 2019.

On August 21, 2019, Debtor through counsel Julie O'Bryan, filed a Motion to Reinstate the Case. After a hearing, the Court granted that Motion, in part, and gave the Debtor until October 18, 2019 to file her Plan, Schedules and Statement of Current Monthly Income. The Order further stated the case could not be dismissed for any reason without a hearing.

On October 18, 2019, Debtor through counsel requested another Extension of Time to File Schedules and Plan.  The Schedules and Plan were ultimately filed on October 20, 2019.  The Plan proposed that beginning October 2019, Debtor would pay $775.00 per month paying unsecured creditors a dividend of 100%.

On November 19, 2019, U.S. Bank filed a Motion for Stay Relief regarding the Real Property.  A hearing on that Motion was scheduled for December 2, 2019 and later rescheduled to February 5, 2020.

On November 22, 2019, U.S. Bank filed an Objection to Confirmation of the Debtor's Plan.  A hearing was scheduled on the Objection to the Plan for February 19, 2020.  Creditor filed Witness and Exhibit Lists and a Memoranda of Law in compliance with the Court's Order.  Debtor filed no documents.

On February 6, 2020, counsel for the Debtor filed a Motion to Withdraw from the Case and attorney Mike McClain filed a Notice to Substitute as Counsel for the Debtor on February 10, 2020.

On February 19, 2020, an Agreed Order to Continue the Hearing was filed and the evidentiary hearing was rescheduled to March 24, 2020.

On March 13, 2020, Debtor filed her Witness and Exhibit List.

The evidentiary hearing was ultimately rescheduled on April 21, 2020, May 6, 2020 and then rescheduled again until June 3, 2020.

Status hearings were scheduled several more times throughout 2020 with the delay being caused mostly by the COVID-19 pandemic.  The Court held several telephone status conferences in which counsel for Debtor took issue with Creditor's Proof of Claim but no objection to the Proof of Claim was filed until August 4, 2020.  Counsel for Debtor also repeatedly asserted an accountant

-4-

had been retained to consult on the case. Because counsel for U.S. Bank had not received an expert report or any documentation on the Debtor's Objection to its claim, Creditor requested a status hearing which the Court granted and scheduled it for February 24, 2021. Counsel for Creditor and the Trustee appeared at the hearing, but counsel for the Creditor failed to appear. The Court then vacated the Order scheduling the hearing.

On March 10, 2021, U.S. Bank filed its Motion to Dismiss Case and for an order granting its Motion for Relief from Stay with *in rem* relief regarding the Real Property.

The Motion to Dismiss was scheduled for an evidentiary hearing on March 31, 2021.

The Debtor moved for Continuance of the Hearing and the matter was continued to April 28, 2021. The Court *sua sponte* also scheduled a status hearing on April 28, 2021.

The Court held a hearing on the Motion to Dismiss and the other three Motions addressed herein on April 28, 2021.

## LEGAL ANALYSIS

Creditor U.S. Bank requests the Court to grant its Motion for Relief from Stay with an *In Rem* bar for two years preventing the automatic stay from going into effect as to the Real Property and that the Court dismiss this case with an *in rem* bar to any subsequent bankruptcy filings by Debtor for a period of time under 11 U.S.C. § 109(g) due to the Debtor's bad faith.

A review of the history of Debtor's prior Chapter 13 bankruptcy cases, as well as the case currently before the Court, present a textbook portrait of delay, abuse and bad faith resulting in an abuse of the bankruptcy process. The current case before the Court has been pending for approximately two years without an order of confirmation of the Debtor's Chapter 13 Plan. Although some of that delay was caused by the COVID-19 pandemic, even a cursory review of the

docket sheet supports dismissal of this case for bad faith on the part of the Debtor for abuse of the bankruptcy process.

The Court may only confirm a plan filed under Chapter 13 if, among other things, the plan "is proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3). Determination as to whether a plan is proposed in "good faith," often comes down to whether the plan is fundamentally fair to the creditors and it complies with "the spirit of the Bankruptcy Code's provisions." *In re Glenn*, 288 B.R. 516, 519 (Bankr. E.D. Tenn. 2002). Courts look to the totality of circumstances surrounding the particular debtor when making a determination on good faith. Courts in this district also look, in general, to the list of factors set forth in *In re Caldwell*, 851 F.2d 852, 859 (6th Cir. 1988) on determining good faith. While the list is not exhaustive, it does include consideration of "the frequency with which the debtor has sought relief," as well as "the motivation and sincerity of the debtor in seeking Chapter 13 relief." *Id. See also*, *In re Alt*, 305 F.3d 413 (6th Cir. 2002) (list of circumstances to be considered in determining whether a plan has been proposed in good faith). The Court should consider the debtor's prior conduct and present circumstances. *Id.* Here, the record clearly supports a finding of bad faith. The Debtor's motivation in this case is the same as it was for the prior cases, that is to thwart the U.S. Bank's efforts to foreclose on the Real Property despite the fact that U.S. Bank holds a legal unchallenged Foreclosure Judgment and Order of Sale.

It is beyond dispute that Debtor's Plan is not feasible and cannot be confirmed. The efforts by Debtor and her various attorneys for the past five years have been nothing more than delay tactics meant to prevent the creditors herein from pursuing lawful actions to recover funds loaned to the

Debtor which she has failed to repay in accordance with her legal obligations under the Note and Security Agreement.

All of the Debtor's efforts cannot change the fact that on July 16, 2016 a Foreclosure Judgment was entered against the Debtor on behalf of U.S. Bank in Jefferson Circuit Court, No. 13-CI-403450, due to Debtor's default under the Note and Security Agreement she entered into with U.S. Bank which was secured by a mortgage on Debtor's Real Property. The current arrearage on that debt is now in the amount of $169,794.06 according to U.S. Bank's Proof of Claim, an amount well over the value of the Property, estimated at $110,000 by Debtor on her Schedules.

The Debtor's Plan proposes payments of $775 per month. Debtor has failed to make good faith payments on the Plan during the enormous delays herein, despite the fact that Debtor's counsel was advised to have his client make such payments by the Trustee and that he should hold them in trust. Had Debtor been making regular monthly Plan payments, 17 payments, a total over $13,000, would have been contributed toward the Plan. However, no payments thus far have been made evidencing a lack of feasibility and good faith.

Debtors efforts in this bankruptcy to relitigate issues concerning the validity of the debt and enforceability of the mortgage are irrelevant to this proceeding. A Foreclosure Judgment and Order of Sale were entered regarding the Real Property at issue herein. No appeal of that Judgment was ever filed by the Debtor and under the doctrine of *res judicata* those findings and the effect of that Judgment cannot now be attacked by Debtor.

Debtor is correct that her discharge in November 2006 is effective, but that discharge only granted Debtor *in personam* relief. The Bank clearly is entitled to proceed *in rem* against the Real Property.

When a Debtor misuses the bankruptcy process, the court may impose a bar on the ability of the Debtor to refile within a specific time period. *In re McCoy*, 237 B.R. 419, 422 (Bankr. S.D. Ohio 1999). *See also* 11 U.S.C. §§ 105(a) and 109(g). Here, U.S. Bank requests that the Court enter an Order under Section 362(d), granting its Motion for Relief from Stay, with an *in rem* bar on the automatic stay from going into effect for two years on the Real Property notwithstanding any subsequent bankruptcy filing by Debtor for a period of two years; and that the Court dismiss this case with a bar of any subsequent filing for a period of 180 days on the grounds of bad faith. Considering that U.S. Bank has had a valid Foreclosure Judgment and Order of Sale on the Real Property since 2016 and that its efforts to foreclose on that Real Property have been stopped by the Debtor's frivolous filings, the Court finds the requested relief more than reasonable.

The Debtor has had more than her "day in court." She has exhausted her remedies provided by the United States Bankruptcy Code. U.S. Bank has proven it has standing to pursue the Judgement and the Order of Sale. U.S. Bank is also entitled to recover those funds it advanced to pay insurance and property taxes on the Real Property as outlined in its Proof of Claim.

It is also clear that with the Order dismissing this case that the automatic stay of 11 U.S.C. § 362 is no longer in effect. Thus, K&M is free to proceed against the property Debtor co-owns with Lockie Shield Foundation, Inc., which is the subject of a foreclosure action in Jefferson Circuit Court, Case No. 18-CI-401495, which was stayed by this bankruptcy proceeding. Since the stay is no longer in effect, K&M is free to resume its efforts in the Circuit Court action.

**CONCLUSION**

For all of the above reasons, the Court will **GRANT** the Motion to Dismiss and the Motion for Relief from Stay Regarding Real Estate Located at 930 South Fourth Street, Louisville, Kentucky 40211 filed by Creditor U.S. Bank. The Court will **REMAND** the Motion for Relief from Stay Regarding the Property at 915 Southwestern Parkway, Louisville, Kentucky filed by Creditor, K & M Investments, LLC based on the fact that the automatic stay is no longer in effect in that proceeding. The Court will also **DENY** the Debtor's Objection to the Claim of U.S. Bank, Claim No. 6. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HELEN J. MITCHELL ) | CASE NO. 19-31949(1)(13) |
| d/b/a LOCKIE SHIELD FOUNDATION, INC. ) | |
| ) | |
| Debtor ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Case for Abuse filed by Creditor Select Portfolio Servicing, Inc., as servicer for U.S. Bank Nat. Assoc., be and hereby is, **GRANTED**. This case is dismissed with prejudice with *in rem* relief in the form of a bar prohibiting Debtor, or anyone in contractual privity with the Debtor, or anyone having or purporting to have a possessory interest in the Real Property located at 930 South 47th Street, Louisville, KY 40211, as more fully described in the legal description attached hereto as Exhibit A, from filing a new bankruptcy petition that would stay Creditor's foreclosure efforts. This Order, if recorded in compliance with applicable State laws governing notices of interests or liens in real property, shall be binding in any other bankruptcy case purporting to affect such real property filed not later than two years after the date of the entry of such order by the court providing that no Bankruptcy filing shall stay Creditor's state court foreclosure efforts, including conducting a judicial foreclosure sale.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Debtor Helen J. Mitchell is barred from filing any subsequent bankruptcy petitions in this District for a period of 180 days from the date of the entry of this Order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion for Relief from the Automatic Stay filed by Creditor Select Portfolio Servicing, Inc., as services for U.S. Bank Nat. Assoc., be and hereby is, **GRANTED**. Relief is granted to U.S. Bank pursuant to 11 U.S.C. § 362(d)(4) as *in rem* relief against the Debtor or anyone having or purporting to have a possessory interest in the Real Property located at 930 South 47th Street, Louisville, Kentucky 40211, from attempting to reorganize the debt owed to the Movant or asserting a stay against the Movant which would affect or otherwise delay the Movant's rights to complete a state court action against the Real Property securing a Movant's claim.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion for Stay Relief Regarding the Property at 915 Southeastern Parkway, Louisville, Kentucky, filed by Creditor K & M Investments, LLC, is **REMANDED as MOOT**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Objection to Claim of U.S. Bank, Claim No. 6 filed by the Debtor herein is **OVERRULED**.

**EXHIBIT "A"**

Being Lot 106, Westover Park Subdivision, plat of which is of record in Plat and Subdivision Book 6, Page 88, in the office of the Clerk of Jefferson County, Kentucky.

Being the same property conveyed to Helen Mitchell, from Bankers Trust Company of California, N.A. as Trustee under that Certain Pooling and Servicing Agreement Dated as of August 1, 1996, for Southern Pacific Secured Assets Corp., Mortgage Pass-Through Certificates, Series 1996-3, by Advanta Mortgage Corporation, USA, its Attorney-in-Fact, by Deed dated November 25, 1998, recorded in Deed Book 7198, Page 732 in the office of the Clerk in Jefferson County, Kentucky.

Property Address: 930 South 47th Street, Louisville, KY 40211